UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| EARL H. MACKEY, III, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. |
| | ) 6:10-CV-105-BG |
| | ) ECF |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, TEXAS | ) |
| REHABILITATION COMMISSION, | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

The United States District Court transferred this case to the docket of the United States Magistrate for further proceedings on December 30, 2010. This case was reassigned to the undersigned on June 20, 2011. Before the Court is Defendant Texas Department of Assistive and Rehabilitative Services's[1] "Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(B)(1) and 12(B)(6)," filed February 14, 2011, seeking dismissal for subject matter jurisdiction and failure to state a claim upon which relief can be granted. Because DARS did not consent to the jurisdiction of the United States Magistrate Judge, pursuant to the order transferring this case, the undersigned now files this Report and Recommendation.

### I.    FACTUAL BACKGROUND

On October 3, 2008, Plaintiff Earl H. Mackey, III applied for a period of disability and for disability insurance benefits pursuant to Title II of the Social Security Act. (Tr. 10.) The district office determined that Mackey lacked disability insurance status, both initially and upon

---

[1] DARS was sued as the Texas Rehabilitation Commission.

1

reconsideration. *Id.* Mackey filed a request for a hearing with an administrative law judge, and Judge J. Frederick Gatzke held a hearing on November 19, 2009. (Tr. 10–12.) Judge Gatzke held that res judicata prevented the reopening of a prior social security application and that Mackey did not meet the requirements for disability insurance status on April 12, 2007, Mackey's claimed date of disability. *Id.*

On December 28, 2010, Mackey filed the above-captioned suit (1) seeking judicial review of the decision of the Social Security Commissioner under 18 U.S.C. § 405(g), (2) claiming Defendants violated 18 U.S.C. § 241 by criminally conspiring against him, and (3) claiming Defendants violated 42 U.S.C. § 1983. (Pl.'s Compl. 1.) Mackey seeks $972,000.00, plus interest, as well as punitive damages in the amount of $1,000,000,000.00 from Defendants. (Pl.'s Compl. 2.)

Both DARS and the Commissioner of Social Security filed motions to dismiss based on Rule 12(b)(1) and 12(b)(6). This Report and Recommendation is limited to DARS's Motion to Dismiss.

## II.    STANDARD OF REVIEW

When reviewing a Federal Rule of Civil Procedure 12(b)(1) motion concurrently with other Rule 12(b) motions, the court considers the Rule 12(b)(1) jurisdictional question before considering any motions based on the merits of the claim. *Wolcott v. Sebelius*, 635 F.3d 757, 762 (5th Cir. 2011).

Rule 12(b)(1) permits a party to challenge the subject-matter jurisdiction of the court to hear a cause of action. It is proper for a court to dismiss a case for lack of subject-matter jurisdiction when the court lacks statutory or constitutional authority to adjudicate the case. *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998). In reviewing

a 12(b)(1) motion, the court may consider (1) the complaint alone, (2) the complaint in addition to undisputed facts in the record, or (3) the complaint, undisputed facts in the record, plus the court's resolution of disputed facts. *Walsh v. Adjutant Gen.'s Dep't of Tex.*, 533 F.3d 289, 293 (5th Cir. 2008). The party asserting jurisdiction carries the burden of proof for a Rule 12(b)(1) motion. *Wolcott*, 635 F.3d at 762. A dismissal pursuant to Rule 12(b)(1) is not a decision on the merits, and the claimant is free to file a claim in a court of proper jurisdiction. *Ramming v. U.S.*, 281 F.3d 158, 161 (5th Cir. 2001).

For a federal court to adjudicate a claim, a plaintiff must have standing to assert the claim. *See Xerox Corp. v. Genmorra Corp.*, 888 F.2d 345, 350 (5th Cir. 1989). Accordingly, standing challenges are properly dealt with under Rule 12(b)(1). *Id.* Additionally, Eleventh Amendment immunity is a jurisdictional issue, and a meritorious assertion of that immunity deprives a court of subject-matter jurisdiction. *McDonald v. Bd. of Miss. Levee Comm'rs*, 832 F.2d 901, 906 (5th Cir. 1987). Claims barred by Eleventh Amendment immunity should be dismissed pursuant to Rule 12(b)(1), without prejudice. *Warnock v. Pacos County, Tex.*, 88 F.3d 341, 343 (5th Cir. 1996).

**III.   DISCUSSION**

**A.   Mackey's 18 U.S.C. § 241 Claim Against DARS.**

Mackey claims Defendant DARS and all parties involved in the Social Security Administration have conspired against Mackey's rights with intent to cause death by denying Mackey's constitutional rights, in violation of 18 U.S.C. § 241.

Section 241 provides for criminal penalties against two or more persons conspiring to "injure, oppress, threaten or intimidate" another person's free exercise or enjoyment of his or her rights or privileges. 18 U.S.C. § 241 (2011). Section 241 is criminal in nature; it does not provide

3

for any civil remedies. *Hanna v. Home Ins. Co.*, 281 F.2d 298, 303 (5th Cir. 1960).

Generally, private citizens have no standing to institute federal prosecutions, and the decision to prosecute or file criminal charges is within the prosecutor's discretion. *Gill v. Texas*, 153 F. App'x 261, 262 (5th Cir. 2005) (per curiam). Private citizens lack standing to contest the prosecuting authority's policies when the citizen is not being prosecuted, nor being threatened with prosecution. *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). A private citizen does not gain standing to bring criminal charges by attempting to do so through a civil suit. *Flemings v. City of Dallas*, No. 3:10-CV-1188-N-BH, 2010 WL 3938377, *2 (N.D. Tex. Aug. 21, 2010) (stating that to the extent the private plaintiff's claims were based on § 241 and other criminal provisions, the claims were legally frivolous).

Mackey, a private citizen, seeks to enforce a criminal statute through a civil suit for an alleged "Conspiracy against Rights with intent to cause death, by denial of plaintiffs [sic] constitutional rights." (Pl.'s Compl. 1.) Mackey has no standing to bring a § 241 criminal conspiracy claim. *See Flemings*, 2010 WL 3938377 at *2. The prosecuting authority, not Mackey, has the discretion to bring criminal charges for any conduct claimed to violate a federal criminal provision. *See Gill*, 153 F. App'x at 262. The Court lacks subject-matter jurisdiction to adjudicate Mackey's § 241 claim because he has no standing to assert it.

**B.     Mackey's 42 U.S.C. § 1983 Claim Against DARS.**

Mackey seeks money damages based on claimed discrimination and profiling in violation of 42 U.S.C. § 1983. (Pl.'s Compl. 1, Pl.'s Resp. to Def.'s Mot. to Dismiss 1.) DARS argues that Mackey's claim for money damages is barred by Eleventh Amendment immunity and that a state agency is not a "person" for § 1983 purposes. (DARS's Br. in Supp. of Mot. to Dismiss 5–6.)

Section 1983 provides a cause of action against "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws . . . ." 42 U.S.C. § 1983 (2011).

DARS first contends that Mackey's § 1983 claim should be dismissed under Rule 12(b)(1) because of Eleventh Amendment immunity. DARS is a state agency operating to help disabled persons find employment opportunities. *Saldivar v. Tex. Dep't of Assistive & Rehabilitative Servs.*, No. H-08-1820, 2009 WL 3386889, *1 (S.D. Tex. Oct. 13, 2009). The Eleventh Amendment provides a shield for states against suits by individuals brought in federal court, unless the state has consented to suit. *See* U.S. Const. amend. XI. Within the purposes of the Eleventh Amendment, a suit against a state agency is the same as a suit against the state itself. *Daigle v. Gulf State Utils. Co., Local Union No. 2286*, 794 F.2d 974, 980 (5th Cir. 1986). A state's immunity is not absolute; the state can waive its immunity or Congress can exercise its Fourteenth Amendment power to override immunity. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989). In passing § 1983, Congress did not disturb the Eleventh Amendment immunity of the States. *Id.* A state may, however, waive its Eleventh Amendment immunity by voluntarily invoking the jurisdiction of the federal court or by making it apparent that it intends to submit to the federal court's jurisdiction. *Meyers ex rel Benzing v. Texas*, 410 F.3d 236, 241 (5th Cir. 2005).

Accordingly, Mackey's claim is barred unless Texas has waived sovereign immunity or consented to jurisdiction. The Fifth Circuit has specifically addressed whether the State of Texas waived Eleventh Amendment immunity by accepting federal funds for DARS. *Hurst v. Tex. Dep't*

5

*of Assistive & Rehabilitative Servs.*, 482 F.3d 809, 810 (5th Cir. 2007). The court held the Rehabilitation Act did not contain the necessary clear statement requiring a waiver of Eleventh Amendment immunity and that Texas had not waived its Eleventh Amendment immunity for DARS. *Id.* at 814. DARS, and thereby the State of Texas, has shown no intention to waive its Eleventh Amendment immunity or submit to the jurisdiction of the Court. Accordingly, DARS is protected by the Eleventh Amendment from this claim.

Because DARS has Eleventh Amendment immunity, this court lacks subject-matter jurisdiction to hear Mackey's § 1983 claim against DARS. *See Warnock*, 88 F.3d at 343.

**C.     Mackey's 42 U.S.C. § 405(g) Claim for Judicial Review Against DARS.**

Mackey purports to seek judicial review of his denial of benefits under § 405(g). (Pl.'s Compl. 1.) Mackey, however, has not limited this claim to only Defendant Michael J. Astrue, Commissioner of Social Security. DARS asserts it is shielded by Eleventh Amendment immunity and that only the Commissioner of Social Security is a proper defendant in a suit for judicial review pursuant to § 405(g).

As discussed in Part B, DARS is an agency of the State of Texas and is protected by Eleventh Amendment immunity unless (1) Congress has expressly used its Fourteenth Amendment power to override Texas's immunity or (2) Texas has waived its immunity. *See Will*, 491 U.S. at 67. Section 405(g) does not purport to abrogate the States' immunity, and in fact, it only authorizes suit against the Commissioner of Social Security. *See* 42 U.S.C. § 405(g) (2011)*; see also Womack v. Comm'r of Dep't of Med. Assistance Servs.*, 67 F. App'x 847, 848 (4th Cir. 2003) ("[Plaintiff's] claim against the [Defendant] was correctly dismissed because claims arising under § 405(g) must be brought against the Commissioner, not an arm of the state, such as [Defendant], which is

protected by Eleventh Amendment immunity."); *Keesing v. Apfel*, 124 F. Supp. 2d 134, 135 (N.D.N.Y. 2000) (stating the only proper defendant in a § 405(g) action is the Commissioner of Social Security); *Williams v. N.Y. State Dep't of Soc. Serv.*, No. 1:07-CV-815, 2007 WL 2780382, *1 (W.D. Mich. Sept. 18, 2007) (not selected for publication) (holding that to the extent the claim was brought under § 405(g), the plaintiff "fails to state a claim because the Commissioner is the proper defendant in such an action").

While there is no Fifth Circuit case law holding that Eleventh Amendment protection applies to suits pursuant to § 405(g), other courts have found that the Eleventh Amendment protects a state or state agency in this situation. *Cloyd v. Mich.*, No. 87-2026, 1988 WL 19171, *1 (6th Cir. Mar. 8, 1988) (affirming dismissal on grounds that Indiana and Michigan were immune from suit under the Eleventh Amendment); *Williams*, 2007 WL 2780382 at *1 (holding whatever claim Plaintiff had against the state that was brought under § 405(g) was barred by the Eleventh Amendment); *Womack*, 2003 WL 21546035 at *1 (affirming dismissal of a § 405(g) claim because it "must be brought against the Commissioner, not an arm of the state such as [Defendant], which is protected by Eleventh Amendment immunity").

Mackey's claim arising under § 405(g) against DARS is barred by Eleventh Amendment immunity. Section 405(g) neither directly nor indirectly removes the States' immunity to suit, nor is there any indication that the State of Texas has waived immunity or voluntarily submitted to the jurisdiction of the Court. Further, DARS is not a proper defendant in a § 405(g) suit. Accordingly, this Court does not have subject-matter jurisdiction over this claim, and it is proper to dismiss the claim under Rule 12(b)(1). *See Warnock*, 88 F.3d at 343.

Case 6:10-cv-00105-BG Document 32 Filed 08/08/11 Page 8 of 8 PageID 279

## IV. RECOMMENDATION AND CONCLUSION

For the foregoing reasons, this Court recommends that the United States District Judge **GRANT** the portion of DARS's motion in which it requests dismissal pursuant to Rule 12(b)(1), **DENY** as moot the portion of the motion in which it requests dismissal pursuant to Rule 12(b)(6), and **DISMISS** without prejudice all Mackey's claims against DARS.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2011); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.

An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written recommendations will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. U.S. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated: August 8, 2011.

NANCY M. KOENIG
United States Magistrate Judge